UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEITH EDWARD GLENN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:13-cv-101-JMS-MJD |
| | ) | |
| CARAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Keith Edward Glenn seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with respect to his conviction in the Middle District of Tennessee for bank robbery and firearm offenses. For the reasons explained in this Entry, Glenn's habeas petition must be **denied** and this action **dismissed**.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

According to 28 U.S.C. ' 2255(e) a federal prisoner may use ' 2241 to contest his conviction or sentence only when "the remedy by motion [under ' 2255] is inadequate or ineffective to test the legality of his detention." A remedy via ' 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under ' 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d

605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a ' 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

Glenn was given an opportunity to show cause why ' 2241 provides the appropriate remedy here and why this action should not be either dismissed or transferred to the court in which he was convicted. In response, he asserts that ' 2255 is inadequate or ineffective because he was not adjudicated guilty or sentenced and therefore § 2255 would not provide him relief. This assertion is unsupported and frivolous. The trial court accepted Glenn's guilty plea and Judgment and Commitment was entered in his case on January 18, 2006. *United States v. Glenn*, No. 3:05-cr-00074-1 (M.D. Tenn. Jan. 18, 2006). Further, Glenn has already challenged his conviction and sentence pursuant to § 2255. That challenge was rejected. *Glenn v. United States*, 2008 WL 2781667 (M.D. Tenn. 2008). Glenn therefore has not shown that § 2255 is inadequate or ineffective to test the legality of his detention and that a ' 2241 remedy is the proper one.

The transfer of this action to the court in which Glenn was convicted would be of no value to Glenn because the prior ' 2255 motion has been adjudicated on the merits and a subsequent such motion, if submitted without authorization by the Court of Appeals, would be promptly dismissed for lack of jurisdiction. *See* 28 U.S.C. ' 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

Because Glenn's petition for writ of habeas corpus, as supplemented, does not show that "the remedy by motion [under 28 U.S.C. ' 2255] is inadequate or ineffective to test the legality of his detention," 28 U.S.C. ' 2255(e), this action must be **dismissed** for lack of jurisdiction. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *Buford v. Superintendent, U.S. Penitentiary,* 2008 WL 2783257, ** 1-2 (S.D.Ind. 2008). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/21/2013

Distribution:

Keith Edward Glenn
17381-075
Terre Haute USP
P.O. Box 33
Terre Haute, IN 47808

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana